# Abraham Lorenze, Appellant, v. Four Wheel Drive Auto Company, Appellee.

## Gen. No. 19,864.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. John J. Rooney, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 6, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Lorenze v. Four Wheel Drive Auto Co., 188 Ill. App. 480.

## Statement of the Case.

Attachment suit commenced in the Municipal Court of Chicago by Abraham Lorenze against Four Wheel Drive Auto Company, a corporation, having its principal office in Clintonville, Wisconsin, to recover commissions alleged in plaintiff's statement of claim to be due him for selling one hundred shares of defendant's corporate stock. The defendant entered its general appearance and filed an affidavit of merits stating that it was not indebted to plaintiff in any sum whatever, that plaintiff did not make a sale of said shares of stock on behalf of defendant, and that defendant never had any contractual relations with plaintiff as to the sale of said stock. The case was tried before the court without a jury, resulting in a finding and judgment for defendant. To reverse the judgment, plaintiff appeals.

MORTON A. MERGENTHEIM, for appellant; MYER LINKER, of counsel.

CULVER, ANDREWS & KING, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

BROKERS, § 88*—*when evidence insufficient to show liability of principal to pay commissions to subagent.* In an action against a corporation to recover commissions for selling defendant's capital stock, where the facts showed that defendant had entered into a written agreement with its president giving him exclusive right to sell such stock at a certain commission on certain conditions, and that the president had entered into an agreement with plaintiff giving the exclusive right to sell a portion of the stock in certain territory subject to the president's agreement with the corporation, and there was testimony, which was contradicted, that plaintiff subsequently entered into a verbal agreement with the president

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and treasurer of the defendant whereby plaintiff was to make sales on behalf of the defendant Company, *held* that a finding and judgment in favor of defendant was sustained by the evidence, it not appearing that the agreement between the president and the defendant had been cancelled, and it not sufficiently appearing that plaintiff made a verbal agreement with defendant whereby the latter was to pay him commissions on stock sold by him, or that defendant by its acts at any time recognized that it had contractual relations with plaintiff.